## Bell v. Borders.

(Decided October 21, 1924.)

### Appeal from Metcalfe Circuit Court.

1. Principal and Agent—Other Party May Hold Agent Personally or Look to Undisclosed Principal.—One dealing with agent for undisclosed principal may hold agent personally, or may look to principal upon learning facts.

2. Principal and Agent—One Looking to Undisclosed Principal Cannot Revoke Election.—When party dealing with agent, acting for undisclosed principal, once makes election to look to principal and not to agent, he cannot revoke election, if made with knowledge of facts.

3. Principal and Agent—Commissioner Erasing Name of Bidder and Inserting Undisclosed Principal Cannot Revoke Election and Hold Bidder.—Where commissioner was informed a few minutes after property was knocked off that bidder had bid in land for another, and, while still standing on courthouse steps, exercised his election to treat undisclosed principal as bidder by erasing name of bidder and inserting principal's name, he was without authority afterwards to report bidder as purchaser.

4.  Auctions and Auctioneers—Frauds, Statute of—Auctioneer May
    Make Memorandum at Time, but Cannot, After Erasing Bidder's
    Name and Inserting Another, Later Insert Name of Bidder.—
    When sale of land is at auction, auctioneer's written memoran-
    dum binds both parties, but this writing must be made at time of
    sale, and where bidder's name was inserted in memorandum, but
    while auctioneer was still on courthouse steps, erased and in-
    serted his principal's name, there was no memorandum of sale to
    bidder, and auctioneer was without authority after bidder went
    home to make another memorandum of sale.

J. W. KINNAIRD and BASIL RICHARDSON for appellant.

V. H. BAIRD and M. TERRY ROMINES for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

A farm in which Mrs. Helen Thompson was inter-
ested was to be sold by the master commissioner under
the judgment of the Metcalfe circuit court. She desired
to buy the land and authorized her son, Newman Thomp-
son, to attend the sale and bid on the property for her.
Newman Thompson being inexperienced in such work
asked C. A. Bell to do the bidding for him. He stood by
Bell telling him what to bid and Bell made the bids. The
property was knocked off to Bell for $10,000.00. The
commissioner then proceeded to make another sale. At
the conclusion of this sale, which only took a few minutes,
Thompson and Bell came to the commissioner, who was
still standing on the court house steps where he had made
the sale, and told him that Bell was merely bidding for
Newman Thompson as an accommodation, as he had done
in another case previously. The commissioner said, "All
right," and rubbed out Bell's name from the paper which
he had in his hand on which he had entered Bell as the
purchaser of the land and wrote Thompson's in the place
of it. Bell went home and Thompson went to the commis-
sioner's office and there the commissioner made out and
gave Thompson the bonds for him to sign. His mother
had made arrangements with Hon. J. W. Kinnaird to
sign the bond for her, but he declined to sign the bond
after he learned that she had a mortgage on her interest
in the place. She was then unable to make a bond. When
she failed to make a bond the commissioner filed his re-
port with the court, reporting C. A. Bell as the purchaser
of the land. Bell filed his exceptions to the report, and
on the trial of the exceptions established the facts above

stated. The testimony of the commissioner only differs from the testimony of the other witnesses in that he states that when he gave the bond to Thompson to fill out he told Thompson that he must have Bell to assign his bid to him; but this is inconsistent with the established fact that he had scratched out Bell's name and inserted Thompson's on the paper while standing on the court house steps and some time before he came to the office. The circuit court overruled Bell's exceptions to the commissioner's report and confirmed the sale. Bell appeals.

The rule is that where an agent acts for an undisclosed principal the other party may hold the agent personally, or if he so elects may look to the undisclosed principal upon learning of the facts. The rule is also that when he once makes the election to look to the principal and not to the agent where the agent has acted for an undisclosed principal he cannot revoke the election which he made with knowledge of all the facts. Linequist v. Dixon, 6 Ann. Cases 720, 8 L. R. A. (N. S.) 1024 and notes; 21 R. C. L. 894.

"While a person who has dealt with the agent of an undisclosed principal may elect to hold either the agent, or, upon discovery, the principal, he can not hold both, and, if with full knowledge of the facts material to his rights he elects to hold the agent, he thereby discharges the liability of the principal; and conversely, if he elects to hold the principal, he thereby discharges the liability of the agent. He must elect between the two, and when an election is once made he must abide by it, unless the principal and agent have by their acts waived the right to claim that an election to hold one releases the other." 2 Corpus Juris 843.

When the commissioner was informed that Bell had simply bid in the land for Thompson he, while still standing on the court house steps where the sale had been made, exercised his election to treat Thompson as the bidder by erasing the name of Bell from the paper and inserting Thompson's name in lieu of it. Pursuant to this election he afterwards gave Thompson the bond to fill out. It is very common at judicial sales for one person to bid for another. Regularly when the commissioner announces the sale closed, the bidder should then tell the commissioner in whose name the bid is to be entered. This should be done before the commissioner makes his entry.

of the sale on his papers. If the commissioner is not satisfied to accept the bid of the person so named he can then immediately proceed to sell again.

"Where one bids for another, but does not disclose the name of his principal either to the owner or to the auctioneer, he is personally liable as purchaser. But where a person successfully bids on an article, and immediately informs the auctioneer's clerk that he had bid on the article for a principal whom he names, and directs the clerk to charge the article to the principal named, and the clerk does so, the bidder cannot subsequently be held personally liable for the price of the article." 6 C. J. 836.

The regular course was so nearly followed in this case that the commissioner did not object to the delay and by erasing Bell's name and writing Thompson's in lieu of it he accepted Thompson as the purchaser. When he had done this he was without authority afterwards to report Bell as the purchaser of the property.

A contract for the sale of land must be in writing. When the sale is at auction the auctioneer is authorized to make a written memorandum of the sale, which binds both parties. But this written contract must be made at the time of the sale.

"The principle of all the cases is, that the auctioneer at the sale is the agent; that the purchaser, by the act of bidding, calls on him or his clerk to put down his name as the purchaser. The entry, being made in his presence, is presumed to be made with his sanction, and to indicate his approval of the terms thus written down. In such case there is but little danger of mistake or fraud. But if a third person, not present, or even the auctioneers, may afterward add the name of another purchaser, they may strike out the name already inserted, and substitute that of a new and different purchaser. They may defeat rights already vested. They may impose liabilities never contracted." Walker v. Herring, 8 Am. Rep. 619.

After the commissioner erased Bell's name and inserted Thompson's name in lieu of it there was no memorandum of the sale to Bell. The commissioner was without authority after Bell went home to make another memorandum of the sale. To sustain this would be prac-

tically to hold that the statute of frauds has no application to such sales. The commissioner should have reported to the court the sale as made to Thompson pursuant to the only memorandum of the sale in existence when the parties separated. The court should have sustained Bell's exception to the report of sale made by the commissioner.

Judgment reversed and cause remanded for further proceedings consistent herewith.