7 So.2d 37

**GRAY v. T. S. COMPTON & CO.**

**2 Div. 704.**

Court of Appeals of Alabama.

March 17, 1942.

Thos. H. Boggs, of Linden, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

· RICE, Judge.

We take the following statement from the brief filed here on behalf of appellee, viz:

"In this case an attachment was issued by appellee, T. S. Compton, which was levied on certain cattle as the property of the defendant, Howard Sweet, at the Demopolis Stock Yards of Demopolis, Alabama. Appellant, Charles L. Gray, intervened as claimant in the lower court and the proceedings were had according to law under the direction of the court, in which issue was joined between plaintiff and claimant.

"Plaintiff, by witness E. P. Griffith and witness Compton established conclusively that Howard Sweet was the last, best, and highest bidder for about 33 head of cattle sold at auction in 21 different sales at the Demopolis Stock Yards, Demopolis, Alabama on the 31st day of October, 1940, on which said cattle the attachment was levied.

"This sale began at about one o'clock, P. M., and 21 different sales were made, at each of which the said Sweet was the last, best and highest bidder, and at each of which the auctioneer declared him to be the purchaser, and for each and every sale a separate ticket was made by the auctioneer showing among other things the said Sweet as purchaser. These tickets were made in triplicate by use of carbon paper on the same form and identical in every respect except the writing on one was in pencil and the other two made by pressure of the pencil on the carbon, and each of these tickets were treated as originals.

"Claimant attempted to show that he had furnished the money to Sweet with which to purchase the cattle for him, and that after the purchase in the name of Sweet at all of said 21 sales, that the said Sweet, when paying for the cattle to the cashier or bookkeeper of the stock yards, had the receipted account show the sale of cattle to the claimant. The Court held that the title to the cattle passed to Sweet on the fall of the auctioneer's hammer, and that the title therein vested in him and could not be divested so as to defeat the attachment by evidence that claimant Gray had furnished the money to Sweet to buy the cattle for him, the said Gray."

It is true enough that "a sale by auction is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner." Code 1940, Title 57, § 27.

But it is common enough for one person at an auction sale to bid for another. Bell v. Borders, 205 Ky. 181, 265 S.W. 514.

And "a person bidding at an auction as the agent of another need not disclose to other bidders the name of the person for whom he is bidding, unless the person for whom he acts is the vendor." 7 C.J.S. 1260, Auctions and Auctioneers, § 8, subsec. b.

And "where * * * a person successfully bids on an article, and immediately informs the auctioneer's clerk that he had bid on the article for a principal whom he names, and directs the clerk to charge the article to the principal named,

and the clerk does so, the bidder cannot subsequently be held personally liable for the price of the article." 7 C.J.S. 1261, Auctions and Auctioneers, § 8.

Appellee's counsel state in their brief: "Appellant sought to show that after the auction, exactly how long does not appear, (but before the levy of any attachment on said cattle in a suit against Sweet, the successful bidder at their sale—we interpolate) when paying for the cattle to the Cashier of the Stock Yards, Sweet had the Cashier or bookkeeper write on the account or statement which gave the description, weight, price, and amount of each animal sold, 'sold to C. L. Gray,' instead of showing as the tickets did, 'sold to H. J. Sweet.'" (C. L. Gray being Charles L. Gray).

The trial court simply held, throughout, that "the title and possession (to and of the cattle involved) were acquired by Sweet at the auction sale, and that he could only part with title by a subsequent sale or other legal method of divesting title out of himself."

In this we think we have shown that he was in error.

If indeed claimant, appellant, could show, as he offered to do, and as we believe he demonstrated he could do, that he furnished Sweet the money with which to bid in or buy said cattle for him; and that Sweet did so—having, when paying over the money, the bill of sale made out to claimant—all this prior to the time of any levy of attachment on the cattle as the property of Sweet—it seems to us clear enough that claimant should have prevailed in the suit.

The lower court erred in, by its rulings, shutting out, or shutting off, any evidence as to any of the matters mentioned as having been offered by appellant.

Appellant's brief does not present—save in bulk, so to speak—specific rulings for our review.

However, we regard a large number of the rulings below, contrary to what we have written above, as being properly presented for our consideration.

In each of same there was error prejudicial to appellant. And because of said rulings the judgment is reversed and the cause remanded.

Reversed and remanded.